JOHN E. TAYLOR, Guardian of GROVER SHIRLEY, a minor, Appellant, v. W. M. GOSSETT et al, Respondents.

Kansas City Court of Appeals, December 4, 1905.

**LANDLORD AND TENANT: Pleading: Variance: Cured by Answer.** Although the evidence offered by the landowner disclosed a tenancy under another lease than that declared on in his statement, yet such variance is cured when the answer removes those facts from the issue by admitting them, and admits the tenancy and denies the delinquency in payment.

Appeal from Holt Circuit Court.—*Hon. W. C. Ellison,* Judge.

REVERSED AND REMANDED (*with directions*).

*T. C. Dungan* with *John Kennish* and *S. F. O'Fallon* for appellant.

(1) The trial court erred in granting a new trial to respondents upon the grounds in its orders for new trial stated, one and two; and this court cannot sustain such order granting a new trial upon any other grounds, unless the order for new trial was correct upon some of the grounds stated in defendant's motion for new trial. Bradley v. Reppell, 133 Mo. 547; Itner v. Hughes, 133 Mo. 689; Wagner v. Edison Elec. Co., 177 Mo. l. c. 60. (2) There was no fatal variance between plaintiff's statement and the proof in the trial court. Our code prescribes that such variance shall make no difference unless it is material and actually misled the opposite party to his prejudice, and that fact must be proved to the satisfaction of the court, showing in what respect. Bank v. Scalzo, 127 Mo. l. c. 189; Fisher & Co. v. Realty Co., 159 Mo.

l. c. 567; Bank v. Assurance Co., 106 Mo. App. l. c. 125. (3) When no proof is made that a party has been actually misled to his prejudice, such variance must be disregarded; the pleading may be amended to conform to the proof, or the trial may proceed without any amendment. Green & Meyer, Mo. Prac. (1 Ed.), sec. 467, page 181; 15 Abbott's Prac., 173; 36 Barb., N. Y., page 29; Bank v. Assurance Co., 106 Mo. App. l. c. 125; sec. 672, R. S. 1899, clauses 5 and 9; sec. 673 and 674, R. S. 1899. (4) There can be no failure of proof of a cause of action stated where the defendant by answer, written or oral, admits the truth of the facts alleged, or where he pleads only new matter in avoidance, for such plea amounts to a confession of the facts alleged as a cause of action. Beck v. Farara, 19 Mo. 30; Mellor v. Railroad, 105 Mo. 465 to 472; Johnson v. Kahn, 97 Mo. App. 628; Manley v. Crescent Co., 103 Mo. 135.

*Ivan Blair* and *J. W. Stokes* for respondents.

(1) There is a fatal variance between plaintiff's statement and his evidence. The statement is that he sues as guardian for Roy Shirley; his evidence shows that defendants held the property under written lease from J. J. Shirley. (2) There is no evidence whatever that the rent sued for and demanded was under the terms of the lease pleaded in plaintiff's statement. R. S. 1899, sec. 4131. (3) To warrant a reversal of an order for a new trial, it must clearly appear that no error occurred that may possibly have been prejudical to the party who applied for the new trial. Ittner v. Hughes, 133 Mo. 679; Bunyan v. Railway, 127 Mo. 12.

JOHNSON, J.—Plaintiff, acting in the representative capacity of guardian of an infant, brought this action before a justice of the peace upon this statement: "Plaintiff states that on the 1st day of September, 1897, defendants leased the following described property for the term of five years, viz.: the brick store building

known as the Shirley building, in the town of Forbes, in Forbes township, Holt county, Missouri, the same being the brick building, two stories high, now used and occupied by said defendants, for the sum of ten dollars per month; that the said defendants are now in possession of said property as the tenants of plaintiff under said lease; that the sum of one hundred and ten dollars is now actually due to the plaintiff from the defendants for the rent of said property, and that the same has been demanded by plaintiff of said defendants, and payment thereof has not been made. Wherefore plaintiff asks judgment for the possession of said premises and for the sum of one hundred and ten dollars for the rent now due with costs of suit."

Before going to trial, defendants filed a written answer in words as follows: "Now comes the defendants in the above cause, and for answer to plaintiff's statement and complaint, deny that they are indebted to plaintiff for rent on the building mentioned in plaintiff's complaint in the sum of one hundred and ten dollars or any other sum; the defendants further say that on or about the . . . of January, 1902, the plaintiff agreed with the defendants that if they would put upon said building such repairs as would protect it from going to ruin, that they could deduct the costs of such repairs from the rent on said building. That defendants did expend in repairing the same the sum of two hundred dollars, which was by said agreement to be deducted from the rent on said property."

A trial was had of the issues raised in these pleadings and plaintiffs recovered judgment. Defendants appealed to the circuit court, where the case was tried before a jury and plaintiff again prevailed. Defendants, in due time, filed motions for a new trial and in arrest of judgment. These, on hearing, the court sustained upon the grounds stated in the order made that there was a "fatal variance between plaintiff's statement and the proof in the cause and the evidence fails to show

that the rent sued for and demanded was under the terms of the lease referred to in plaintiff's statement." The case is here on plaintiff's appeal from this order. Our consideration is confined to the questions of law involved in the grounds assigned by the court for his action in sustaining the motions. [Ittner v. Hughes, 133 Mo. 679.]

It appears from the evidence that in 1897 J. J. Shirley, then the owner of the premises in controversy, leased them in writing to defendants for a period of five years at a monthly rental of ten dollars. Defendants, under this lease, enjoyed possession until the death of the lessor and thereafter continued in possession, as the tenants of Grover Shirley, the infant plaintiff, who as an heir of the lessor was entitled to the rents from the property during his minority. No new lease was executed, but plaintiff and defendants mutually recognized the relation between them of landlord and tenant under the lease mentioned. During the existence of this relation, defendants made some repairs upon the building, situated on the premises, at an outlay to them of some two hundred dollars. They claimed the right to charge the estate of the minor with this expenditure under an agreement which they said they made with his guardian and refused to pay rent until they were fully reimbursed. The guardian denied making any agreement of this character and when rent for eleven months had become delinquent, demanded payment and brought this suit upon defendants' refusal to pay. The court submitted the case to the jury under the view that the existence of the agreement asserted by defendants would charge the minor's estate with the cost of the repairs, and the jury decided that issue adversely to defendants. In the present state of the case it is not necessary for us to express an opinion upon the correctness of the position taken by the court on this point.

During the trial, the lease executed in 1897 by J. J. Shirley was shown to be the only written contract

under which defendants held as tenants and it is because of this fact that the court held there was a fatal variance between allegation and proof. The court construed the averments of the statement to declare upon a lease executed by plaintiff. We may adopt this contruction and concede, for argument, that proof of a tenancy under another lease disproved the cause of action as pleaded in the statement and yet find ourselves unable to agree with the conclusion that plaintiff failed to prove the cause of action presented by the pleadings. If, in his statement, plaintiff made the fact that defendants were his tenants, under a lease executed by him, elemental to his cause of action, defendants in their answer removed those facts from the issues by admitting them. In the assertion of their affirmative defense, defendants necessarily were forced to admit the fact of their tenancy under plaintiff and, with this fundamental fact admitted, proof of it was dispensed with and the issues were narrowed to the subsidiary facts constitutive of the cause of action, namely, defendants' delinquency—the demand for payment and defendants' refusal to comply therewith and the affirmative defense pleaded in the answer. [R. S. 1899, sec. 4131.]

The case was fairly tried and submitted and the motions for a new trial and in arrest should have been overruled. It follows that the order sustaining these motions must be reversed and the cause remanded with directions to enter judgment for plaintiff in accordance with the verdict. All concur.